# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00194-SCT

*LARRY HYMES a/k/a LARRY EDWARD HYMES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/19/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 11/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/11/97 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This appeal challenges the validity of an order, denying the appellant's motion to vacate conviction and sentence without an evidentiary hearing *after* this Court ordered that Hymes be allowed to file the motion with the trial court. Because we find the court erred in denying Hymes' motion in light of this Court's order and because we find that an evidentiary hearing was warranted, we reverse and remand for further proceedings consistent with this Court's judgment.

**I.**

¶2. On April 23, 1991 in the circuit court of Washington County, Larry Hymes was convicted of possession of marijuana with intent to sell or distribute (count I) and possession of a firearm by a convicted felon (count II). He was sentenced to thirty years on count I and five years on count II, to be served consecutively. After getting new counsel, Hymes appealed to this Court. On February 16, 1995, we affirmed per curiam. Subsequently on July 27, 1995, Hymes submitted an "Application for Leave to file a Motion for Post-Conviction Relief." On December 22, 1995, this Court found the application to be well taken and ordered that Hymes be allowed to file his motion for post-conviction

relief in the trial court.

¶3. Following this Court's order, Hymes filed a motion to vacate his conviction and sentence in the trial court. In his motion, he argued that he received ineffective assistance of counsel at trial. The circuit court denied Hymes' request for post-conviction relief, finding that it was an attempt to relitigate his case as the new grounds raised in the motion were not raised on direct appeal and because Hymes failed to meet the requirements set out in *Smith v. State*, 434 So. 2d 212, 219 (Miss. 1983). The trial court's ruling had the effect, obviously, of denying Hymes' request for an evidentiary hearing on the ineffective assistance of counsel claim. Aggrieved, Hymes filed notice of appeal.

## II.

¶4. Hymes attacks the circuit court's denial of his motion to vacate his conviction and sentence, in light of this Court's previous order which sanctioned the filing of such motion in the lower court. According to Hymes, the circuit court's denial of his motion overruled this Court's examination and findings on the motion.

¶5. The State responds that this Court's grant of the application for leave to file the motion merely guaranteed Hymes an opportunity to file his pleading in the trial court. After that opportunity was afforded, the State contends under Miss. Code § 99-39-19 (Rev. 1994), the trial court had discretionary power to dismiss Hymes' motion for relief.[1] For the following reasons, we cannot agree with the State's position.

## III.

¶6. Miss. Code Ann. § 99-39-27(7) (Rev. 1994) prescribes that in considering an application for leave to proceed in the trial court with a motion for post-conviction relief, this Court has two options in its discretion. First, this Court may rule on the motion for post-conviction relief, granting or denying any or all relief requested if sufficient facts exist on the face of the application and attachments. Alternatively, this Court may permit the motion to be filed in trial court for further proceedings under sections 99-39-13 through 99-39-23.

¶7. In the order granting Hymes' application for leave to file the motion to vacate, we stated, "Hymes is hereby allowed to file his motion for post-conviction relief with the trial court." The statute makes clear that when this Court allows the filing of the motion with the trial court, further proceedings shall occur under the several, enumerated sections, including § 99-39-13 which provides for the filing of an answer with the trial court; § 99-39-15 which gives the individual an opportunity to conduct further discovery; § 99-39-17 which provides for an expansion of the record with documents and interrogatory responses and affidavits before the court considers the matter for summary judgment; and § 99-39-19, allowing for an evidentiary hearing or summary judgment after answers are filed and discovery is complete.

¶8. After this Court's order allowing Hymes to proceed in the lower court, the trial court denied Hymes' petition ruling that it was insufficiently pled under § 99-39-11,[2] which expressly provides that a trial court shall *not* use § 99-39-11 to dismiss a motion *after* this Court grants an application for leave to proceed in the trial court. Furthermore under the express terms of § 99-39-27, once this Court allows an applicant to proceed with a motion in the trial court, subsequent actions taken by the

trial court must be pursuant to one of the enumerated sections (99-39-13 through 99-39-23). Section 99-39-11 is not included as one of the permissible sections to be used for further proceedings.

¶9. Thus, based upon the express terms of sections 99-39-27 and 99-39-11, the trial court erred in summarily denying Hymes' motion to vacate after this Court allowed him to file the motion for post-conviction relief in the lower court.

**IV.**

¶10. Hymes further argues that Miss. Code Ann. § 99-39-27(7)(b) requires that he receive an evidentiary hearing on his ineffective assistance claim because this Court's grant of the application for leave to file the motion for post-conviction relief constituted a *prima facie* case of ineffective assistance of counsel.

¶11. Among the allegations of deficient legal representation, Hymes argues that trial counsel's agreement with the State to stipulate that Hymes had a previous felony conviction for possession of marijuana with intent to deliver was prejudicial and of no benefit to him. Also, Hymes asserts that his counsel failed to argue that his right to a speedy trial was violated. Although the record indicates that Hymes' constitutional right to a speedy trial was not violated, we note that his attorney did, in fact, fail to assert whether there had been an unlawful delay. *Rhymes v. State*, 638 So. 2d 1270 (Miss. 1994).

¶12. Additionally, Hymes claims that his trial counsel was ineffective because he failed to object to testimony provided by his accomplice, Clarence Pearson, who had been convicted and was serving time in the penitentiary for participation in the same crime for which Hymes was being tried. Moreover, counsel failed to request an on-the-record weighing of the probative value versus the prejudicial effect of Pearson's testimony and also failed to request a cautionary instruction from the judge about this testimony. According to Hymes, counsel's performance in this regard was prejudicial because once the jury learned that Pearson had been convicted and imprisoned for participating in the same offense, he could not possibly receive a fair trial.

¶13. In *Brooks v. State*, 573 So. 2d 1350 (Miss. 1990), this Court clarified the prerequisites for obtaining an evidentiary hearing:

> To obtain evidentiary hearing in the lower court on the merits of an effective assistance of counsel issue, a defendant must state "a claim prima facie" in his application to the Court. To get a hearing "...he must allege... with specificity and detail" that his counsel's performance was defective and that the deficient performance prejudiced the defense (citations omitted).

*Id.* at 1353.

¶14. Upon reading the record evidence, we find there were sufficient allegations raised by Hymes to support a *prima facie* case of ineffective assistance of trial counsel. Indeed, as Hymes argues, this Court's granting of the application for leave to file the motion could be considered the law of the case. Arguably, Hymes' ineffective claim may be procedurally barred as it was not raised on direct appeal. The record shows, nevertheless, that Hymes' counsel on appeal submitted an exceedingly incoherent brief to this Court, thereby providing a reasonable justification for lifting the procedural

bar. Moreover, even where different counsel appears on direct appeal, a post-conviction relief proceeding is the usual avenue for ineffective assistance claims. *Vielee v. State*, 653 So. 2d 920 (Miss. 1995).

¶15. We therefore hold that the pleading deficiency should not be applied to avert consideration, on the merits, of Hymes' allegation of ineffective assistance of counsel. We are convinced that counsel's failure to raise certain objections may have frustrated Hymes' right to a fair trial and that the trial court's limited analysis of the claim fell short of a sufficient inquiry to justify dismissing the claim on the merits.

¶16. Accordingly, we reverse and remand this cause of action for further proceedings consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE AND ROBERTS, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH AND MILLS, JJ.**

   **DAN LEE, CHIEF JUSTICE, DISSENTING:**

¶18. The majority has apparently accepted Larry Hymes' ("Hymes") contention that this Court's decision to grant his application to file a motion for post-conviction relief guarantees him, *ipso facto*, the right to an evidentiary hearing. Because this is a misstatement of our law and because accepting Hymes' argument in this instance sets a dangerous precedent, I respectfully dissent.

¶19. This Court, in considering Hymes' application on its face, did not find that his claims were barred but found that his claims presented a substantial showing of the denial of a state or federal right. These determinations, made from the face of the application, did not preclude a summary judgment by the trial court with access to the complete file, a notion explicitly expressed by our statutes. Section 99-39-27(7)(b) (1994) of Mississippi Code Annotated states:

   (7) In granting the application the court, in its discretion, may:

   * * *

   (b) Allow the filing of the motion in the trial court for further proceedings under sections 99-39-13 through 99-39-23.

Section 99-39-13 provides for an answer and affirmative defenses. Section 99-39-17(1) makes provision for expansion of the record but only if "*the motion is not dismissed summarily.*" (Emphasis added). Section 99-39-23(1) is prefaced with the words "*[i]f an evidentiary hearing is required* the judge may appoint counsel . . . ." (Emphasis added).

¶20. In instances such as this, where the conviction and sentence have been appealed to this Court

and we have affirmed, we retain jurisdiction. In such cases a post-conviction motion must be presented to this Court for initial evaluation. Our decision to grant the application, however, does not guarantee the applicant the right to an evidentiary hearing. The applicant is granted the opportunity to "file" his pleading in the trial court. As indicated in the statutes above, summary judgment may still be in order if, after its appraisal of the original motion in conjunction with the entire record, the trial court determines that the applicant is not entitled to any relief.

¶21. Often the trial court has before it files and records regarding the trial and conviction not available to this Court at the time of granting the application. Guaranteeing a post-conviction evidentiary hearing to every applicant whose conviction and sentence have been reviewed and affirmed by this Court violates common sense, is not judicially efficient, and is not supported by our post-conviction statutes. An applicant whose conviction and sentence have been reviewed and affirmed by this Court should stand in the same posture as an applicant who has never appealed his case. The latter must file his post-conviction motion as an original civil action in the trial court, and his conviction is subject to summary dismissal if it comes up short. The same applies to Hymes' situation.

¶22. For the foregoing reasons, I would affirm the trial court's dismissal of Hymes' motion for post-conviction relief.

**SMITH AND MILLS, JJ., JOIN THIS OPINION.**

1. Miss. Code Ann. § 99-39-19 provides in pertinent part:

(1) If the motion is not dismissed at a previous stage of the proceedings, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. *If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require*. (emphasis added).

2. Section 99-39-11 provides in pertinent part:

(2)If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal...

(4)This section shall *not* be applicable where an application for leave to proceed is granted by the supreme court under section 99-39-27. (emphasis added).