797 So.2d 248 (2001)
Richard LEWIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-CP-02144-COA.
Court of Appeals of Mississippi.
January 16, 2001.
*249 Richard Lewis, Appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, Jackson, Attorney for Appellee.
Before KING, P.J., IRVING, and PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. Richard Lewis was indicted by the Clarke County Circuit Court for burglary of a dwelling, pursuant to Miss.Code Ann. § 97-17-23, and receiving/possession of stolen property, pursuant to Miss.Code Ann. § 97-17-70. As part of a plea bargain, Lewis pled guilty not as an habitual offender to the burglary and possession charges and was sentenced on October 29, 1997. He received concurrent sentences of twelve years and five years in the custody of the Mississippi Department of Corrections and was ordered to pay court costs of $245.50. Lewis filed a motion for postconviction relief on March 3, 1998, which was denied on July 21, 1998. He did not file an appeal with the supreme court. Lewis then filed a second motion for postconviction relief, designated as a "Petition for Writ of Habeas Corpus," on August 5, 1999. This motion was denied by the circuit court judge as a successive petition and procedurally barred by Miss.Code Ann. § 99-39-27(9), which states:
The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter.... [E]xcepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Feeling aggrieved, Lewis has appealed to this Court asking for a vacation of the sentence.
¶ 2. The State argues that Lewis's appeal is procedurally barred, and that the denial of the successive petition makes the matter res judicata. The State also cites Smith v. State, 434 So.2d 212, 220 (Miss. 1983), in which the supreme court stated:
The fair and orderly administration of justice dictates that a person accused of a crime be afforded the opportunity to present his claims before a fair and impartial tribunal. It does not require that he be given multiple opportunities to "take a bite at the apple." Likewise, the orderly administration of justice does not require this court to "lead the defendant by the hand" through the criminal justice system.
This appeal is procedurally barred. Lewis failed to appeal the first denial of postconviction relief, and that order has now become final and beyond review on a second petition.
¶ 3. Although procedurally barred, we briefly address the issues and affirm on the merits.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 4. Lewis makes several assignments of error:

*250 I. WHETHER THE SENTENCE ON THE BURGLARY EXCEEDS THE MAXIMUM ALLOWED BY LAW, WHETHER LEWIS WAS SENTENCED UNDER § 97-17-19 THOUGH INDICTED UNDER § 97-17-23, AND WHETHER THE STATUTE UNDER WHICH THE CONVICTION AND/OR SENTENCE WAS OBTAINED IS AN IMPROPER INDUCEMENT.
II. WHETHER LEWIS'S GUILTY PLEAS WERE MADE INVOLUNTARILY AND UNINTELLIGENTLY BECAUSE HE WAS NOT INFORMED OF THE MINIMUM AND MAXIMUM SENTENCES.
III. WHETHER THE TRIAL COURT HAD JURISDICTION TO IMPOSE A SENTENCE IN CAUSE NUMBER 7897.
IV. WHETHER LEWIS WAS DENIED A STATE OR FEDERAL RIGHT IN THAT THE TRIAL JUDGE FAILED TO ADVISE HIM OF HIS RIGHT AGAINST SELF-INCRIMINATION AND WHETHER LEWIS WAS INFORMED OF HIS CONSTITUTIONAL RIGHT TO CONFRONT HIS ACCUSERS.
V. WHETHER THERE IS EVIDENCE NOT PREVIOUSLY HEARD THAT REQUIRES A VACATION OF THE CONVICTIONS OR SENTENCES.
VI. WHETHER LEWIS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 5. In his first issue, Lewis argues that the sentence he received exceeded that allowed by the statute under which he was convicted, and that the statute under which he was sentenced was an improper inducement. The Mississippi Supreme Court and this Court have held that we will not review a sentence if it is within the limits prescribed by statute. Moore v. State, 394 So.2d 1336, 1337 (Miss. 1981); Boyington v. State, 389 So.2d 485, 491 (Miss.1980). However, "agreements between the State and defendants must be upheld by the trial court where a criminal defendant has detrimentally relied upon the agreement." Moody v. State, 716 So.2d 592 (¶ 16) (Miss.1998) (citing Edwards v. State, 465 So.2d 1085 (Miss.1985); Boyington, 389 So.2d at 491)(emphasis added). "To be sure, while there is no constitutional right to enforcement of a plea bargain, contractual principles of reliance may, under certain conditions, be enforced against the prosecution." McFee v. State, 511 So.2d 130, 133 (Miss.1987) (citations omitted).
¶ 6. Lewis argues that his plea was involuntary because he was not informed of the possible minimum and maximum sentences. In Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991), the court stated, "A plea is voluntary if the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea."
¶ 7. Lewis also argues that he received ineffective assistance of counsel. Under the two-prong test for claims of ineffective assistance of counsel described in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "the two inquiries which must be made ... are (1) whether counsel's performance was deficient, and, if so, (2) whether the deficient performance was prejudicial to the defendant in the sense that our confidence in the correctness of the outcome is undermined." Wilson, 577 So.2d at 396.
¶ 8. Generally, this Court will not review a trial court's denial of post-conviction *251 relief unless there has been a manifest abuse of discretion. See Mitchell v. State, 754 So.2d 519, 521 (Miss.Ct.App.1999) (citing Quinn v. State, 479 So.2d 706, 709-10 (Miss.1985)).

DISCUSSION OF THE ISSUES

I. WHETHER THE SENTENCE ON THE BURGLARY EXCEEDS THE MAXIMUM ALLOWED BY LAW, WHETHER LEWIS WAS SENTENCED UNDER § 97-17-19 THOUGH INDICTED UNDER § 97-17-23, AND WHETHER THE STATUTE UNDER WHICH THE CONVICTION AND/OR SENTENCE WAS OBTAINED IS AN IMPROPER INDUCEMENT.
¶ 9. Lewis claims that he was convicted under Miss.Code Ann. § 97-17-19 even though he was indicted under Miss. Code Ann. § 97-17-23, and that his sentence under § 97-17-19 should be no more than ten years. Lewis was, in fact, indicted under § 97-17-23, and the order does state § 97-17-19. However, this is harmless error. Sections 97-17-19 and 97-17-21 were repealed on April 11, 1996, and combined into § 97-17-23, which became effective that same date. The section under which Lewis was indicted carries a minimum sentence of three years and a maximum sentence of twenty-five years, whereas § 97-17-19 carried a maximum sentence of ten years. The crimes to which Lewis pled guilty were committed after the effective date of § 97-17-23 under which he was properly indicted.
¶ 10. Lewis argues his conviction under Miss.Code Ann. § 97-17-19 was an improper inducement. This issue is without merit. At the hearing, the circuit court did not mention § 97-17-19, but rather recited the cause number and the grand jury indictment, as well as his waiver of indictment on the receiving/possession of stolen property charge. The circuit court was very thorough in explaining the possible ramifications of being convicted as an habitual offender, and that if so convicted, Lewis would receive a mandatory twentyfive year sentencethe maximum sentence under § 97-17-23. The court then clearly explained that the sentence for the burglary, not as an habitual offender, is a minimum of three years and maximum of twenty-five years. Therefore, Lewis did not enter his guilty plea under the impression that the maximum sentence would be that of the repealed § 97-17-19. The sentence is within the limits proscribed by statute, and Lewis has not shown that he detrimentally relied upon an erroneous statute or agreement in entering his plea.

II. WHETHER LEWIS'S GUILTY PLEAS WERE MADE INVOLUNTARILY AND UNINTELLIGENTLY BECAUSE HE WAS NOT INFORMED OF THE MINIMUM AND MAXIMUM SENTENCES.
¶ 11. Under this issue, Lewis argues that his guilty pleas were involuntarily and unintelligently made because he was not informed of the minimum and maximum sentences. As stated above, the circuit court clearly explained the minimum and maximum sentences, and also that sentencing would be mandatory if convicted as an habitual offender. The provisions of his plea bargain allowed him to plead as not an habitual offender and recommended a sentence of twelve years on the burglary and the maximum five years on the receiving/possession of stolen property. The court also asked Lewis if he understood that he would have to serve a minimum of eighty-five percent of the twelve year sentence, to which Lewis stated, "Yes, sir, I understand." The record does not support Lewis's contention that he was unaware of the minimum and maximum sentences. This issue is without merit.

*252 III. WHETHER THE TRIAL COURT HAD JURISDICTION TO IMPOSE SENTENCE IN CAUSE NUMBER 7897.
¶ 12. Lewis argues that, in cause number 7897, there is nothing on the face of the indictment to support a burglary charge as required in Miss.Code Ann. § 97-17-19, making the indictment fatally defective. However, cause number 7897 was the charge of receiving/possession of stolen property in violation of § 97-17-70, for which Lewis entered a waiver of indictment and pled guilty. If Lewis is actually meaning to refer to cause number 7879, that indictment was dismissed as part of the plea bargain. This issue is without merit.

IV. WHETHER LEWIS WAS DENIED A STATE OR FEDERAL RIGHT IN THAT THE TRIAL JUDGE FAILED TO ADVISE HIM OF HIS RIGHT AGAINST SELF-INCRIMINATION AND WHETHER LEWIS WAS INFORMED OF HIS CONSTITUTIONAL RIGHT TO CONFRONT HIS ACCUSERS.
¶ 13. Again, the circuit court was careful to explain to Lewis what his rights were and what rights he was waiving by entering a guilty plea. The circuit court judge stated to Lewis:
In a trial you would have a right to confront and question any of the accusing witnesses that might testify against you. You'd also have a right to summons witnesses to court that you might want in court to testify for you. In addition to that, you could testify in your own defense if you wanted to.... However, you don't have to testify. You have a right to remain silent.... You can sit over there at counsel table throughout your trial and not say a word if that's what you want to do.
This issue is totally without merit.

V. WHETHER THERE IS EVIDENCE NOT PREVIOUSLY HEARD THAT REQUIRES A VACATION OF THE CONVICTIONS OR SENTENCES.
¶ 14. Lewis argues that there is lack of evidence on both charges, specifically pointing out that the arrest report states, "didn't anyone in the house see his face in cause number 7897." This is the cause number for the receiving/possession of stolen property charge. If he is referring to number 7879, that is the cause which was dismissed under the plea bargain. The lower court heard testimony from the State that two eyewitnesses in the house both positively identified Lewis from a photo lineup, and that fingerprints matching Lewis's were identified by the crime lab. Sufficient evidence was presented to uphold the sentence and Lewis has not put forth any new evidence for this court to consider.

VI. WHETHER LEWIS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 15. Lewis finally argues ineffective assistance of counsel without stating how the assistance was ineffective. The circuit court judge asked Lewis if he was satisfied with the legal help and legal advice he had been given, to which Lewis stated, "Yes, sir, I am." The court questioned him further because Lewis had written a letter stating he was reporting his attorney to the Bar for misrepresentation and asking for another attorney. The court asked Lewis again if he was satisfied with the assistance provided, and Lewis again stated, "Yes, sir, I am." The court found that Lewis had received the advice of a competent attorney and accepted the guilty plea and recommendation of the *253 State for a twelve year sentence on the burglary, as opposed to a mandatory twenty-five years as an habitual offender. Lewis has not shown that his counsel's performance was deficient, nor that it was prejudicial to him. This issue is without merit.

CONCLUSION
¶ 16. Finding no abuse of discretion, we affirm the circuit court in its denial of Lewis's second motion for post-conviction relief as successive and procedurally barred. That notwithstanding, the circuit court is affirmed on the merits.
¶ 17. THE JUDGMENT OF THE CLARKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, IRVING, LEE, MYERS, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. CHANDLER, J., NOT PARTICIPATING.