839 So.2d 575 (2003)
Howard TURNER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00871-COA.
Court of Appeals of Mississippi.
March 11, 2003.
Howard Turner, pro se, attorney for appellant.
Office of the Attorney General, by Billy L. Gore, attorney for appellee.
*576 Before KING, P.J., THOMAS AND CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Howard Turner appeals the denial of his motion for post-conviction relief. We find his arguments to be without merit, and affirm.

FACTS
¶ 2. On April 20, 1998, Turner was indicted by a Hinds County grand jury for three offenses: house burglary, possession of amphetamine and possession of crystal methamphetamine. Turner pled guilty. The judge on May 5, 1998, sentenced Turner as follows: (1) for the crime of house burglary, the defendant was sentenced to twenty-five years' imprisonment with ten years suspended and five years on supervised probation; (2) for the crime of possession of amphetamine, Turner was sentenced to three years; and (3) for the crime of crystal methamphetamine, Turner was sentenced to three years. The three sentences were imposed to run concurrently as opposed to consecutively.
¶ 3. On December 13, 2000, Turner filed a motion for post-conviction relief claiming his conviction was unenforceable because he was indicted and convicted for house burglary under a repealed statute, Miss. Code Ann. § 97-17-19 (repealed 1996). On June 13, 2001, Turner filed a writ of mandamus moving the court to rule on his post-conviction relief motion. The court dismissed his motion because the motion did not specify the proper judicial district and lacked a cause number.
¶ 4. Turner filed a revised motion on July 17, 2001. In his amended motion he made the necessary corrections and added to his petition the issue of ineffective assistance of counsel. On February 26, 2002, Turner filed a writ of mandamus again moving the court to rule on his motion. On April 18, 2002, the court denied his petition holding that it was time barred according to the three-year statute of limitations which apply to post-conviction relief motions. It is from this denial that Turner now appeals.

STANDARD OF REVIEW
¶ 5. This Court in review of a postconviction relief motion "will not disturb the factual findings of the trial court unless clearly erroneous." Newman v. State, 820 So.2d 768, 769(¶ 3) (Miss.Ct.App.2002).

LAW AND ANALYSIS
I. WAS TURNER'S MOTION FOR POST-CONVICTION RELIEF TIME-BARRED?
¶ 6. Both parties are in agreement that the trial court was in error to hold that Turner's motion was time barred.
¶ 7. If a petitioner for post-conviction relief pleads guilty, he must file the PCR motion within three years of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2002). The statute lists four exceptions to this three-year limitation, none of which apply to Turner's case.
(1) cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would adversely affect the outcome of his conviction or
(2) [cases in which he has new] evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
(3) ... cases in which the prisoner claims that his sentence has expired or *577 his probation, parole or conditional release has been unlawfully revoked.
(4) ... capital cases which shall be made within one (1) year after conviction.
Id.
¶ 8. The record reflects that Turner filed his original petition for post-conviction relief almost five months before the three-year statute of limitations had run. While a motion is pending, the statute of limitations is suspended until further ruling by the court. See Laushaw v. State, 791 So.2d 854(¶ 12) (Miss.Ct.App.2001) (holding the petitioner's post-conviction relief motion to be "pending and viable" even though the court failed to rule on it until the petitioner amended the motion five years later).
¶ 9. Between the time of Turner's initial post-conviction relief filing on December 13, 2000, and the court's ruling on June 20, 2001, the statute of limitations was tolled. The court's ruling which dismissed the motion without prejudice commenced the running of the statute of limitations again. Turner filed within one month of the court's ruling. Turner's amended motion therefore was within the required statutory time period. The trial court's ruling on April 18, 2002, that Turner's petition was time barred was erroneous.
II. IS TURNER'S CONVICTION ENFORCEABLE CONSIDERING THE COURT USED A REPEALED STATUTE?
¶ 10. "In 1996, several Mississippi statutes were repealed, including § 97-17-19, § 97-17-21 and § 97-17-27." Terry v. State, 755 So.2d 41, 43(¶ 6) (Miss.Ct.App. 1999). "In their places, the legislature introduced a revised § 97-17-23 which combined these all into one section." Id. In the case at bar, the trial court indicted and convicted Turner under the repealed statute § 97-17-19.
¶ 11. The old statute reads as follows:
Every person who shall be convicted of breaking and entering any dwelling house, in the day or night, with intent to commit a crime, shall be guilty of burglary, and be imprisoned in the penitentiary not more than ten years.
Miss.Code Ann. § 97-17-19 (repealed 1996).
¶ 12. The new statute reads as follows:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by imprisonment in the Penitentiary not less than three (3) years nor more than twenty-five (25) years.
Miss.Code Ann. § 97-17-23 (Rev.2000).
¶ 13. Turner claims that the trial court lacked proper jurisdiction because it cited the repealed statute. He concludes that his sentence is unenforceable. He argues that he should receive no more than ten years as required by the repealed statute Miss.Code Ann. § 97-17-19.
¶ 14. Mississippi case law indicates that providing the incorrect statute number on an indictment or in a judgment order does not make the conviction per se void. Lewis v. State, 797 So.2d 248, 251(¶ 9) (Miss.Ct.App.2001); Terry, 755 So.2d at 43(¶ 7). "The mere error in writing the statute incorrectly [is] of `form' rather than of `substance' and not reason enough to grant ... an evidentiary hearing on [the] matter." Id. This mistake is "harmless error." Lewis, 797 So.2d at 251(¶ 9).
*578 III. WAS TURNER'S PLEA MADE INVOLUNTARILY UNKNOWINGLY AND UNINTELLIGENTLY?
¶ 15. Turner also claims that he would not have pled guilty if he had known the correct statute number. The United States Supreme Court has held that a guilty plea must be freely and voluntarily entered. Boykin v. Alabama, 395 U.S. 238, 241, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "A plea will only be deemed voluntary if the defendant has been advised of and understands his rights, the charges against him, and the potential penalties that could be imposed." Burnett v. State, 831 So.2d 1216, 1219(¶ 9) (Miss.Ct.App. 2002).
¶ 16. In Turner's petition to plead guilty he acknowledged with his signature that he knew if he pled guilty to the charge of house burglary that he could receive a maximum sentence of twenty-five years' imprisonment. He further affirmed in his plea agreement that he knew the district attorney was going to recommend sentencing him to twenty-five years' imprisonment with ten years suspended. Turner has failed to show that he did not understand his rights, the charges against him or the penalty that could be imposed. This issue is without merit.
IV. DID TURNER RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 17. To succeed on the issue of ineffective assistance of counsel, Turner must show that, "counsel's performance was deficient and that he was prejudiced by counsel's mistakes." Newman, 820 So.2d at 769(¶ 5) (citing Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A rebuttable presumption exists that "counsel's conduct falls within a wide range of reasonable professional assistance." Id. Turner must "demonstrate that but for counsel's errors, the outcome of his trial would have been different." Id.
¶ 18. Turner asserts that he never would have pled guilty had his attorney advised him of the erroneous statute. Again the record indicates by Turner's signature that he understood the penalties which applied to the charges against him. It clearly states in his plea agreement that the maximum penalty for house burglary is twenty-five years. We have already concluded that citing to the wrong statute number constitutes harmless error. We therefore conclude that Turner was not prejudiced by his attorney's failure to indicate the statutory error in the indictment and sentencing order.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING WITH PREJUDICE THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.