KING, C.J.,
for the Court.
¶ 1. Jerry Bennett appeals the Rankin County Circuit Court’s denial of his motion for sentence reduction. On appeal, Bennett asserts that the court wrongly applied the statute in denying his requested relief. Finding no error in the trial court’s decision, we affirm.
FACTS
¶ 2. On December 17, 1999, Bennett was indicted by a Rankin County Grand Jury on two separate counts of armed robbery of gas station clerks. On April 5, 2001, Bennett entered guilty pleas as to both counts of armed robbery and the judge sentenced him to serve sixteen concurrent years on each count, and concurrent with *1266 the sentences imposed in Federal Cause No. 300. CR11LN-001. The judge also ordered Bennett to successfully complete the long term Alcohol and Drug treatment program offered through the Mississippi Department of Corrections (MDOC) and to undergo psychiatric and psychological counseling made available through MDOC.
¶ 3. On May 9, 2005, Bennett filed a motion for sentence reduction in the circuit court. He argued that his good behavior, consistent employment, and successful completion of the court ordered alcohol and drug treatment program and other trade programs entitled him to a sentence reduction.
¶4. Bennett filed an addendum to this motion on November 18, 2005. He informed the court that he was still complying with the correctional facility rules and that he had been transferred to the “honor zone” of the prison, presumably for his good behavior.
¶ 5. Bennett filed a motion to amend on November 21, 2005. On February 16, 2006, the circuit court filed its dismissal of Bennett’s motion for sentence reduction. The court found it was without jurisdiction to reduce his sentence because he had not exhausted all administrative remedies, as required by Mississippi Code Annotated Section 47-7-47 (Rev.2004), and because the court was without legal authority to modify or change a criminal sentence once the defendant had begun to serve such sentence. Finally, the circuit court found that Bennett’s motions were frivolously filed and without merit, subjecting him to forfeiture of earned time pursuant to Mississippi Code Annotated Section 47-5-138 (Supp.2006).
¶ 6. Bennett timely filed his appeal of the circuit court’s decision. On appeal, Bennett argues that the trial court erred in applying Mississippi Code Annotated Sections 47-7-47 and 47-5-138 (Rev.2004), when it denied his motion for sentence reduction. He argues that Section 47-1-15 (Rev.2004) requires the court to reduce his sentence because of his good behavior and work accomplishments.
STANDARD OF REVIEW
¶ 7. Appellate review of post-conviction relief denials is limited to a clearly erroneous standard. Turner v. State, 839 So.2d 575, 576(¶ 5) (Miss.Ct.App.2003). When questions of law are raised, the standard of review is de novo. Miller v. State, 910 So.2d 56, 58(¶ 4) (Miss.Ct.App.2005).
ANALYSIS
Whether Bennett’s claims are procedurally barred.
¶ 8. The trial court dismissed Bennett’s claims, finding Bennett had not exhausted all administrative remedies before filing his request. This Court, however, must first consider whether Bennett’s motion survives the procedural time bar before reviewing the motion’s merits.
¶ 9. Post-conviction relief motions must be filed within the three-year time period, as set forth in Mississippi Code Annotated Section 99-39-5 (Supp.2006), or the motions will be time-barred. Bevill v. State, 669 So.2d 14, 17 (Miss.1996). Defendants, however, may survive this bar if their claims fall within one of the statutory exceptions. Id. These exceptions include (1) cases where the Supreme Court of Mississippi or the United States has rendered an intervening decision that would actually adversely affect the outcome of the conviction or sentence, (2) cases where the defendant presents evidence, not reasonably discoverable at trial time, that would have been practically conclusive at trial to cause a different result in conviction or sentence, and (3) cases where the defendant’s sentence has expired, or his *1267 probation, parole or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-5. Bennett pled guilty to two counts of armed robbery on April 5, 2001. He filed his motion for sentence reduction on May 9, 2005, four years after the entry of his guilty plea. Bennett does not assert any evidence that would satisfy any of the exceptions to the procedural time bar. This Court finds Bennett’s request for post-conviction relief is proeedurally barred because it was not properly filed within the three year time period. The trial court’s denial of post-conviction relief is affirmed.
¶10. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.