20 So.3d 51 (2009)
Troy PITTMAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2008-CA-00904-COA.
Court of Appeals of Mississippi.
October 6, 2009.
Jeffery M. Navarro, for Appellant.
*52 Office Of The Attorney General by Jeffrey A. Klingfuss, for Appellee.
Before KING, C.J., GRIFFIS and MAXWELL, JJ.
GRIFFIS, J., for the Court.
¶ 1. Troy Pittman appeals the Alcorn County Circuit Court's denial of his motion for post-conviction collateral relief. He argues that the circuit court improperly found that his motion was time-barred. We agree; therefore, the judgment denying post-conviction collateral relief is reversed, and the case is remanded to the circuit court for further proceedings consistent with this opinion.

FACTS
¶ 2. On April 13, 2000, Pittman was convicted of three counts of sexual battery and two counts of statutory rape. On direct appeal, this Court affirmed Pittman's convictions as to the three counts of sexual battery; however, the convictions for statutory rape were reversed and rendered due to the lack of sufficient evidence of penetration. See Pittman v. State, 836 So.2d 779, 788 (¶ 44) (Miss.Ct.App.2002).
¶ 3. The supreme court denied certiorari review of this Court's decision on January 30, 2003. On January 27, 2006, within the three-year statute of limitations, Pittman filed an application with the supreme court requesting leave to seek post-conviction collateral relief in the circuit court. See Miss.Code Ann. § 99-39-7 (Rev.2007) (requiring a petitioner to seek permission to file a motion for post-conviction collateral relief if a direct appeal has been decided). Such permission was granted by the supreme court on April 5, 2007.
¶ 4. Pittman filed his motion for post-conviction collateral relief with the circuit court on July 5, 2007. The circuit court found that Pittman's filing occurred after the three-year statute of limitations set forth in Mississippi Code Annotated section 99-39-5(2) (Rev.2007). Pittman's motion was denied as time-barred.
¶ 5. Pittman filed a motion to reconsider in which he emphasized that his motion for post-conviction collateral relief was filed pursuant to permission given by the supreme court's order of April 5, 2007. The circuit court denied the motion to reconsider. Pittman now appeals both the denial of his motion for post-conviction collateral relief and the denial of his motion to reconsider.

STANDARD OF REVIEW
¶ 6. A circuit court's denial of post-conviction collateral relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).

ANALYSIS
¶ 7. In Porter v. State, 963 So.2d 1225 (Miss.Ct.App.2007), this Court examined a case with a similar procedural history. Lajuane Porter was convicted in the circuit court and filed a direct appeal, which was heard by this Court. Id. at 1227 (¶ 2). His conviction was affirmed, and Porter then sought permission from the supreme court to file a motion for post-conviction collateral relief. Id. The supreme court granted Porter's request, and Porter filed his motion with the circuit court. Id. The circuit court summarily denied Porter's motion without a hearing. Id.
¶ 8. This Court held as follows:
Porter filed his motion in the circuit court, after the supreme court's grant of *53 leave to proceed. Because the supreme court's permission to proceed with this matter is a finding of a prima facie case, the trial court should have requested the State to respond, and file its answer and raise all affirmative defenses, pursuant to Section 99-39-13. After doing so, the trial court should have examined the motion under Section 99-39-19, along with the filed answer and any completed discovery, to determine if an evidentiary hearing should be required. The trial court did not do this, but choose [sic] rather to summarily deny Porter's motion under Section 99-39-11 (Supp.2006).
Section 99-39-11 reads[,] in part, as follows:
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
(4) This section shall not be applicable where an application for leave to proceed is granted by the Supreme Court under Section 99-39-27.
The trial court erred in using [s]ection 99-39-11 to summarily deny Porter's motion because the section is not applicable to this proceeding. Mitchell v. State, 809 So.2d 672, 674 (¶ 7) (Miss. 2002). A court may not use [s]ection 99-39-11 to summarily deny a motion if the supreme court has granted permission to file the motion in the trial courts, pursuant to [s]ection 99-39-27. Hymes [v. State], 703 So.2d [258,] 260 (¶ 8) [(Miss.1997)].
Id. at 1228-29 (¶¶ 10-12). The Court then examined Porter's ineffective assistance of counsel claim and determined that the error was harmless. Id. at 1229-32 (¶¶ 14-25).
¶ 9. Here, Pittman was convicted on April 13, 2000. Pittman's direct appeal was decided by this Court on June 4, 2002, and rehearing was denied on November 12 and December 10, 2002. The supreme court denied certiorari on January 30, 2003. Pittman v. State, 836 So.2d 779 (Miss.Ct.App.2002). Because this Court ruled on Pittman's direct appeal, Mississippi Code Annotated section 99-39-27 (Supp. 2008) required Pittman to seek the supreme court's permission to file his motion for post-conviction collateral relief.
¶ 10. On January 27, 2006, Pittman, through counsel, filed an Application for Leave to Proceed in the Trial Court to File a Motion for Relief Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. Pittman v. State, 2006-M-00159. On April 6, 2007, over a year after the application was filed, the supreme court granted the motion and authorized Pittman to file his motion for post-conviction collateral relief in the circuit court. Id.
¶ 11. On July 5, 2007, Pittman, through counsel, filed his Application for Leave to Proceed in the Trial Court to File a Motion for Relief Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. On October 3, 2007, the circuit judge entered an order that denied Pittman's motion for post-conviction collateral relief. The circuit judge determined that:
[Pittman] was convicted on April 13, 2003[,] on three counts of sexual battery and two counts of statutory rape. On June 4, 2002, the Court of Appeals affirmed the three counts of sexual battery and reversed and rendered the statutory rape counts. Writ of certiorari was denied on January 30, 2003. This Post-Conviction Collateral Relief motion was filed on July 5, 2007.
....

*54 As to the newly discovered evidence, the Herpes test was presented at trial, and therefore, was not newly discovered evidence, he has known about [it] since June 4, 2002. Petitioner had three years from denial of writ of certiorari to file a Post-Conviction Collateral Relief motion. Petitioner has filed his motion over a year and a half after the statute of limitations has run....
The circuit judge did not mention the fact that on January 27, 2006, within the three year statute of limitation, Pittman did indeed file an application with the supreme court that asked for leave to pursue his post-conviction relief claims. More importantly, the circuit judge does not mention that the supreme court granted leave to proceed.
¶ 12. Pittman argues, and the State agrees, that the procedure announced in Porter should be applied to this case. The supreme court's order granting Pittman permission to proceed was a finding of a prima facie case. The circuit court should request that the State respond to the motion. Then, pursuant to Mississippi Code Annotated section 99-39-19 (Rev.2007), the circuit court must examine the record and determine whether an evidentiary hearing is required.
¶ 13. We note that this flawed procedural path was deemed to be harmless error in Porter. However, as the State concedes, Porter was limited to the single issue of ineffective assistance of counsel. The record before this Court in Porter was sufficient to decide that Porter's claim had no merit. Conversely, Pittman presents a potentially complex medical and scientific issue that is best not decided by this Court on appeal. The State has had no opportunity to respond or present evidence and defenses. Pittman also brings an ineffective assistance of counsel claim bolstered by affidavits and other evidence. Because of such complexity, we cannot hold that this procedural flaw is harmless error in this case.
¶ 14. The dissent argues that Porter does not apply. The dissent claims that we should follow Turner v. State, 839 So.2d 575 (Miss.Ct.App.2003). There are three reasons that the dissent is simply incorrect.
¶ 15. First, even the State agrees that this case should be reversed and remanded. Indeed, the State's summary of the argument should be sufficient to decide this case. There, the State argued:
The supreme court's permission to proceed with this matter was a finding of a prima facie case, the trial court should have requested the State to respond, and file its answer and raise all affirmative defenses, pursuant to Section 99-39-13. After doing so, the trial court should have examined the motion under Section 99-39-19, along with the filed answer and any completed discovery, to determine if an evidentiary hearing should be required.
¶ 16. Second, the State concedes that Porter is the applicable law and does not cite Turner as authority.
¶ 17. Third, Turner is simply not applicable. Turner does not consider the effect of the supreme court's granting leave to file a motion for post-conviction collateral relief. Instead, Howard Turner filed a motion that was dismissed. Turner then filed a revised motion a month later. Turner, 839 So.2d at 576 (¶¶ 3-4). The supreme court's only involvement was that Turner filed two writs of mandamus to require the trial court to rule on the motions. Turner is of absolutely no precedential value to this case.
¶ 18. As such, and at the request of both parties, we reverse the circuit court's judgment denying Pittman post-conviction *55 collateral relief. The case is remanded for further proceedings consistent with this opinion and this Court's holding in Porter.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
KING, C.J., LEE, P.J., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. MYERS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY IRVING, J.
MYERS, P.J., dissenting:
¶ 20. The majority holds that the trial court erred in dismissing Troy Pittman's motion for post-conviction collateral relief as being time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 2007). For the reasons developed below, I believe the trial court was correct in dismissing Pittman's motion for post-conviction collateral relief because it was filed after the three-year statute of limitation provided for in post-conviction relief matters. See id.
¶ 21. I begin by stating that I believe the majority's reliance on Porter v. State, 963 So.2d 1225 (Miss.Ct.App.2007), is misplaced. In Porter, the supreme court granted Porter leave to file his motion for post-conviction collateral relief in the trial court on the sole issue of ineffective assistance of counsel. Id. at 1227 (¶ 2). The trial court, however, summarily denied his motion for post-conviction collateral relief without an evidentiary hearing under Mississippi Code Annotated section 99-39-11 (Rev.2007). Id. at 1229 (¶ 10).[1] This Court held that "[b]ecause the supreme court's permission to proceed with this matter is a finding of a prima facie case, the trial court should have requested the State to respond, and file its answer and raise all affirmative defenses, pursuant to Section 99-39-13." Id. at 1228 (¶ 10). This Court went on to hold that "[a] court may not use Section 99-39-11 to summarily deny a motion if the supreme court has granted permission to file the motion in the trial courts, pursuant to Section 99-39-27." Id. at 1229 (¶ 12) citing Hymes v. State, 703 So.2d 258, 260 (¶ 8) (Miss.1997).
¶ 22. The sole issue in Porter was whether the defendant was entitled to an evidentiary hearing on his ineffective assistance of counsel claim after the supreme court granted leave to proceed. The timeliness of Lajuane Porter's motion for post-conviction collateral relief was never at issue because Porter filed his motion for post-conviction collateral relief well within the three-year statute of limitations.[2]
¶ 23. I find the more applicable precedent is Turner v. State, 839 So.2d 575 *56 (Miss.Ct.App.2003). In that case, Howard Turner was sentenced on May 5, 1998, for three offenses: house burglary, possession of amphetamine, and possession of crystal methamphetamine. Id. at 576 (¶ 2). Turner filed his motion for post-conviction collateral relief on December 13, 2000. Id. at (¶ 3). Turner then filed a writ of mandamus on June 13, 2001. Id. Due to technical issues, the trial court dismissed Turner's original motion for post-conviction collateral relief without prejudice on June 20, 2001. Id. at 577 (¶ 9). Turner re-filed a revised motion for post-conviction collateral relief on July 17, 2001. Id. at 576 (¶ 4). On April 18, 2002, the trial court denied Turner's revised motion for post-conviction collateral relief as time-barred under Mississippi Code Annotated section 99-39-5(2). Id. Finding error in the trial court's ruling that Turner's motion was time-barred, this Court held:
The record reflects that Turner filed his original petition for post-conviction relief almost five months before the three-year statute of limitations had run. While a motion is pending, the statute of limitations is suspended until further ruling by the court. See Laushaw v. State, 791 So.2d 854[, 856] (¶ 12) (Miss.Ct.App. 2001) (holding the petitioner's post-conviction relief motion to be "pending and viable" even though the court failed to rule on it until the petitioner amended the motion five years later).
Between the time of Turner's initial post-conviction relief filing on December 13, 2000, and the court's ruling on June 20, 2001, the statute of limitations was tolled. The court's ruling which dismissed the motion without prejudice commenced the running of the statute of limitations again. Turner filed within one month of the court's ruling. Turner's amended motion therefore was within the required statutory time period. The trial court's ruling on April 18, 2002, that Turner's petition was time[-]barred was erroneous.
Id. at 577 (¶¶ 8-9). Thus, the statute of limitations was tolled while Turner awaited a ruling on his motion. When the trial court denied his motion for post-conviction collateral relief, the statute of limitations resumed running. Turner then filed his revised motion for post-conviction collateral relief within three years of his sentencing, thus complying with the three-year limitation set out in Mississippi Code Annotated section 99-39-5(2). Although Turner does not address the supreme court granting leaving, it illustrates that the statute of limitations for a prisoner's motion for post-conviction collateral relief is tolled while he or she has a motion pending in the supreme court.
¶ 24. Turning to the case at bar, I would hold that the trial court's dismissal of Pittman's motion for post-conviction collateral relief as time-barred was correct. Pittman was convicted on three counts of sexual battery and one count of statutory rape on April 13, 2000. After a direct appeal, which this Court affirmed in part and reversed and rendered in part, Pittman petitioned the supreme court for certiorari. The supreme court denied Pittman's petition for certiorari on January 30, 2003. This is the point when the statute of limitations' clock began to run on Pittman to file his motion for post-conviction collateral relief. See Puckett v. State, 834 So.2d 676, 678 (¶ 10) (Miss.2002). With only three days remaining before the statute of limitations ran, Pittman filed an application with the supreme court on January 27, 2006, requesting leave to seek post-conviction relief. This suspended the running of the statute of limitations. See Turner, 839 So.2d at 577 (¶ 8). The supreme court then granted Pittman permission on April 5, 2007, to file his motion for post-conviction collateral relief. This recommenced *57 the running of the statute of limitations. However, Pittman waited approximately three months before filing his motion for post-conviction collateral relief. Therefore, I would hold that Pittman failed to file his motion for post-conviction collateral relief within the three-year window provided by Mississippi Code Annotated section 99-39-5(2).
¶ 25. Nothing in my decision would affect the holding in Porterthat once a prisoner is granted leave by the supreme court, the trial court must request the State to respond and file its answer and raise all affirmative defenses pursuant to Mississippi Code Annotated section 99-39-13 (Rev.2007), and the court must determine whether an evidentiary hearing should be granted. I would find that once a prisoner is granted leave by the supreme court, he must still comply with Mississippi Code Annotated section 99-39-5(2) and file his motion for post-conviction collateral relief within three years. Otherwise, and under the majority's interpretation, a prisoner could wait an unlimited period of time before filing the motion for post-conviction collateral relief once the supreme court had granted leave. This is contrary to the purpose of a statute of limitations. See Mitchell v. Progressive Ins. Co., 965 So.2d 679, 683 (¶ 13) (Miss.2007).
¶ 26. I would also note that under Mississippi Code Annotated section 99-39-27 (Supp.2008), Pittman's application to the supreme court for leave to proceed would have to contain three copies of his proposed motion for post-conviction collateral relief, as well as other supporting pleadings and documentation. Once Pittman received leave from the supreme court to proceed, he could have filed his prepared motion for post-conviction collateral relief within the three days remaining. However, he sat on his hands for almost three months before filing his motion for post-conviction collateral relief.
¶ 27. Accordingly, I would hold that the trial court did not err in denying Pittman's motion for post-conviction collateral relief because he failed to comply with Mississippi Code Annotated section 99-39-5(2) and file his motion for post-conviction collateral relief within three years after his writ of certiorari was denied. Therefore, I must dissent.
IRVING, J., JOINS THIS OPINION.
NOTES
[1] Mississippi Code Annotated section 99-39-11 (Rev.2007) reads, in part, as follows:

(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
....
(4) This section shall not be applicable where an application for leave to proceed is granted by the Supreme Court under Section 99-39-27.
[2] Porter was convicted of aggravated assault on August 21, 2002. Porter, 963 So.2d at 1227 (¶ 2). His conviction was affirmed on direct appeal by this Court on January 6, 2004. Id. Porter's motion for post-conviction collateral relief was denied by the trial court on August 5, 2005. Id.