MYERS, P.J.,
dissenting:
¶ 20. The majority holds that the trial court erred in dismissing Troy Pittman’s motion for post-conviction collateral relief as being time-barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 2007). For the reasons developed below, I believe the trial court was correct in dismissing Pittman’s motion for post-conviction collateral relief because it was filed after the three-year statute of limitation provided for in post-conviction relief matters. See id.
¶ 21. I begin by stating that I believe the majority’s reliance on Porter v. State, 963 So.2d 1225 (Miss.Ct.App.2007), is misplaced. In Porter, the supreme court granted Porter leave to file his motion for post-conviction collateral relief in the trial court on the sole issue of ineffective assistance of counsel. Id. at 1227 (¶ 2). The trial court, however, summarily denied his motion for post-conviction collateral relief without an evidentiary hearing under Mississippi Code Annotated section 99-39-11 (Rev.2007). Id. at 1229 (¶ 10).[1] This Court held that “[bjecause the supreme court’s permission to proceed with this matter is a finding of a prima facie case, the trial court should have requested the State to respond, and file its answer and raise all affirmative defenses, pursuant to Section 99-39-13.” Id. at 1228 (¶ 10). This Court went on to hold that “[a] court may not use Section 99-39-11 to summarily deny a motion if the supreme court has granted permission to file the motion in the trial courts, pursuant to Section 99-39-27.” Id. at 1229 (¶ 12) citing Hymes v. State, 703 So.2d 258, 260 (¶ 8) (Miss.1997).
¶ 22. The sole issue in Porter was whether the defendant was entitled to an evidentiary hearing on his ineffective assistance of counsel claim after the supreme court granted leave to proceed. The timeliness of Lajuane Porter’s motion for post-conviction collateral relief was never at issue because Porter filed his motion for post-conviction collateral relief well within the three-year statute of limitations.[2]
¶ 23. I find the more applicable precedent is Turner v. State, 839 So.2d 575 *56 (Miss.Ct.App.2003). In that case, Howard Turner was sentenced on May 5, 1998, for three offenses: house burglary, possession of amphetamine, and possession of crystal methamphetamine. Id. at 576 (¶ 2). Turner filed his motion for post-conviction collateral relief on December 13, 2000. Id. at (¶ 3). Turner then filed a writ of mandamus on June 13, 2001. Id. Due to technical issues, the trial court dismissed Turner’s original motion for post-conviction collateral relief without prejudice on June 20, 2001. Id. at 577 (¶ 9). Turner re-filed a revised motion for post-conviction collateral relief on July 17, 2001. Id. at 576 (¶ 4). On April 18, 2002, the trial court denied Turner’s revised motion for post-conviction collateral relief as time-barred under Mississippi Code Annotated section 99-39-5(2). Id. Finding error in the trial court’s ruling that Turner’s motion was time-barred, this Court held:
The record reflects that Turner filed his original petition for post-conviction relief almost five months before the three-year statute of limitations had run. While a motion is pending, the statute of limitations is suspended until further ruling by the court. See Laushaw v. State, 791 So.2d 854[, 856] (¶12) (Miss.Ct.App. 2001) (holding the petitioner’s post-conviction relief motion to be “pending and viable” even though the court failed to rule on it until the petitioner amended the motion five years later).
Between the time of Turner’s initial post-conviction relief filing on December 13, 2000, and the court’s ruling on June 20, 2001, the statute of limitations was tolled. The court’s ruling which dismissed the motion without prejudice commenced the running of the statute of limitations again. Turner filed within one month of the court’s ruling. Turner’s amended motion therefore was within the required statutory time period. The trial court’s ruling on April 18, 2002, that Turner’s petition was time[-]barred was erroneous.
Id. at 577 (¶¶ 8-9). Thus, the statute of limitations was tolled while Turner awaited a ruling on his motion. When the trial court denied his motion for post-conviction collateral relief, the statute of limitations resumed running. Turner then filed his revised motion for post-conviction collateral relief within three years of his sentencing, thus complying with the three-year limitation set out in Mississippi Code Annotated section 99-39-5(2). Although Twr-ner does not address the supreme court granting leaving, it illustrates that the statute of limitations for a prisoner’s motion for post-conviction collateral relief is tolled while he or she has a motion pending in the supreme court.
¶ 24. Turning to the case at bar, I would hold that the trial court’s dismissal of Pittman’s motion for post-conviction collateral relief as time-barred was correct. Pittman was convicted on three counts of sexual battery and one count of statutory rape on April 13, 2000. After a direct appeal, which this Court affirmed in part and reversed and rendered in part, Pittman petitioned the supreme court for cer-tiorari. The supreme court denied Pittman’s petition for certiorari on January 30, 2003. This is the point when the statute of limitations’ clock began to run on Pittman to file his motion for post-conviction collateral relief. See Puckett v. State, 834 So.2d 676, 678 (¶ 10) (Miss.2002). With only three days remaining before the statute of limitations ran, Pittman filed an application with the supreme court on January 27, 2006, requesting leave to seek post-conviction relief. This suspended the running of the statute of limitations. See Turner, 839 So.2d at 577 (¶ 8). The supreme court then granted Pittman permission on April 5, 2007, to file his motion for post-conviction collateral relief. This recommenced *57 the running of the statute of limitations. However, Pittman waited approximately three months before filing his motion for post-conviction collateral relief. Therefore, I would hold that Pittman failed to file his motion for post-conviction collateral relief within the three-year window provided by Mississippi Code Annotated section 99-39-5(2).
¶ 25. Nothing in my decision would affect the holding in Porter — that once a prisoner is granted leave by the supreme court, the trial court must request the State to respond and file its answer and raise all affirmative defenses pursuant to Mississippi Code Annotated section 99-39-13 (Rev.2007), and the court must determine whether an evidentiary hearing should be granted. I would find that once a prisoner is granted leave by the supreme court, he must still comply with Mississippi Code Annotated section 99-39-5(2) and file his motion for post-conviction collateral relief within three years. Otherwise, and under the majority’s interpretation, a prisoner could wait an unlimited period of time before filing the motion for post-conviction collateral relief once the supreme court had granted leave. This is contrary to the purpose of a statute of limitations. See Mitchell v. Progressive Ins. Co., 965 So.2d 679, 683 (¶ 13) (Miss.2007).
¶ 26. I would also note that under Mississippi Code Annotated section 99-39-27 (Supp.2008), Pittman’s application to the supreme court for leave to proceed would have to contain three copies of his proposed motion for post-conviction collateral relief, as well as other supporting pleadings and documentation. Once Pittman received leave from the supreme court to proceed, he could have filed his prepared motion for post-conviction collateral relief within the three days remaining. However, he sat on his hands for almost three months before filing his motion for post-conviction collateral relief.
¶ 27. Accordingly, I would hold that the trial court did not err in denying Pittman’s motion for post-conviction collateral relief because he failed to comply with Mississippi Code Annotated section 99-39-5(2) and file his motion for post-conviction collateral relief within three years after his writ of certiorari was denied. Therefore, I must dissent.
IRVING, J., JOINS THIS OPINION.

. Mississippi Code Annotated section 99-39-11 (Rev.2007) reads, in part, as follows:
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
(4) This section shall not be applicable where an application for leave to proceed is granted by the Supreme Court under Section 99-39-27.

. Porter was convicted of aggravated assault on August 21, 2002. Porter, 963 So.2d at 1227 (¶ 2). His conviction was affirmed on direct appeal by this Court on January 6, 2004. Id. Porter’s motion for post-conviction collateral relief was denied by the trial court on August 5, 2005. Id.