904 So.2d 1162 (2004)
Robert KEMP, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02670-COA.
Court of Appeals of Mississippi.
November 2, 2004.
Robert Kemp, pro se.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before BRIDGES, P.J., MYERS and BARNES, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On April 26, 1999, Robert L. Kemp entered a plea of guilty in the Circuit Court of Oktibbeha County for uttering forgery. Kemp was then sentenced to *1163 serve a term of ten years in the custody of the Mississippi Department of Corrections with five years of post-release supervision and ordered to pay $11,702.55 in restitution. After filing several separate petitions under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), all of which the trial court denied, Kemp filed a motion for leave to appeal in November of 2003, and now comes before this Court pro se raising the following issues:
I. DOES KEMP'S SENTENCE VIOLATE SECTION 47-7-34 OF THE MISSISSIPPI CODE?
II. COULD KEMP'S SENTENCE REQUIRE THAT HE SERVE A TERM THAT EXCEEDS THE LIMIT AS ALLOWED BY STATUTE?
III. DOES KEMP'S SENTENCE CONSTITUTE TWO SENTENCES FOR A SINGLE CRIME, THEREBY SUBJECTING HIM TO DOUBLE JEOPARDY IN VIOLATION OF THE FIFTH AMENDMENT?

FACTS
¶ 2. Kemp's conviction of uttering forgery was entered by judgment of the court on April 26, 1999, but despite the fact his sentence of ten years to serve with five years of post-release supervision was part of the plea bargain agreement and outlined in the guilty plea petition to which he swore to and signed, he claimed ignorance to these terms, filing a petition for post-conviction relief in July of 2000. In the petition, he sought clarification/modification of his sentence, but his petition was denied. Kemp did not appeal the denial.
¶ 3. In January of 2003, Kemp filed a second post-conviction petition seeking to vacate or correction of his sentence, but the court declared that his claim was time barred pursuant to Section 99-39-5 of the Mississippi Code Annotated. Shortly thereafter, Kemp filed a third petition for post-conviction relief, although he claimed it was an amendment of the previous petition merely clarifying what issues he intended to raise.
¶ 4. In this third petition, however, Kemp attacked the legality of his sentence just as before but additionally declared that he was serving an expired term, a statutorily recognized exception to the time bar. The circuit court denied relief and simply stated that Kemp "was sentenced to ten (10) years to serve with the Mississippi Department of Corrections and five (5) years of post-release supervision."
¶ 5. Kemp then filed a motion for leave to appeal, which was granted, and his appeal is now before this Court. However, we find Kemp's petition seeking post-conviction relief procedurally barred and not subject to any statutory exceptions, so we will not address the merits of his argument.

LAW AND ANALYSIS
¶ 6. To begin, Kemp's petition seeking post-conviction relief is barred under the UPCCRA's successive writ prohibition. Section 99-39-23 states that a court order "denying relief under this article is a final judgment and shall be conclusive until reversed[,]" and as a result, said order "shall be a bar to a second or successive motion under this article." Miss.Code Ann. § 99-39-23(6) (Supp.2003). The record shows that Kemp first filed a post-conviction petition on July 31, 2000, and the court denied relief. Kemp, however, failed to appeal the denial, and as a consequence, "that order has now become final and beyond review on a [subsequent] petition." Lewis v. State, 797 So.2d 248, 249(¶ 2) (Miss.Ct. App.2001).
¶ 7. Kemp's petition is additionally time barred. Section 99-39-5 states that *1164 "[a] motion for relief under this article shall be made . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Miss.Code Ann. § 99-39-5(2) (Supp.2003). The circuit court entered Kemp's conviction on April 26, 1999, the date of his plea. To comply with the statute, Kemp was required to file his post-conviction pleadings within three years after that date. See Sneed v. State, 722 So.2d 1255, 1256-57(¶ 9) (Miss.1998). The petition from which Kemp appeals, however, was not filed until August 29, 2003. Kemp, therefore, clearly failed to file within the requisite three years, so his petition is also precluded by the statutory time bar. Id.
¶ 8. The UPCCRA, however, does contain several exceptions to these procedural bars, one of which Kemp asserts "claim[ing] that his sentence has expired. . . ." Miss.Code Ann. § 99-39-5(2) (Supp.2003). A petitioner seeking post-conviction relief, though, carries the burden of proving that his claim is not procedurally barred. Lockett v. State, 614 So.2d 888, 893 (Miss.1992). Kemp fails to meet this burden.
¶ 9. In an argument that mirrors those advanced in his prior petitions, Kemp contends that his sentence is contrary to the dictates of Miss.Code Ann. § 47-7-34 (Supp.2003), because by failing to comply with the terms and conditions of post-release supervision he could be required to serve a term that exceeds the maximum allowed under the statute. Although recently reduced, the crime of uttering forgery at the time of Kemp's conviction could not carry a sentence exceeding fifteen years. See Miss.Code Ann. § 97-21-33 (Rev.2000) (amended 2003). Section 47-7-34 states in part that "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." Miss.Code Ann. § 47-7-34(1) (Supp.2003). Kemp's sentence totaling fifteen years, specifically ten years to serve with five years of post-release supervision, is unquestionably in accord with Section 97-21-33 as it was at the time of his sentencing, and therefore, his sentence does not conflict with Section 47-7-34. Accordingly, Kemp failed to establish that he is serving an expired sentence, or any other recognized exception, so his petition is procedurally barred. See Jones v. State, 700 So.2d 631, 632-33 (¶¶ 2-5) (Miss.1997).
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.