991 So.2d 641 (2008)
Eric ROACH a/k/a Eric Shane Roach, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01058-COA.
Court of Appeals of Mississippi.
September 23, 2008.
Eric Roach, Pro Se, appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before LEE, P.J., ROBERTS and CARLTON, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On November 30, 2004, a jury in the Lowndes County Circuit Court found Eric Roach guilty of armed robbery. Roach was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. Roach attempted to file a notice of appeal on December 22, 2004, but his counsel was not admitted to practice in Mississippi, and the notice was returned. On December 29, 2005, Roach filed a petition for post-conviction relief entitled "belated notice of appeal." The trial court dismissed Roach's petition finding that Roach failed to show excusable neglect regarding his out-of-time appeal. Roach did not appeal that dismissal.
¶ 2. On December 13, 2006, Roach filed a motion for post-conviction relief, which was dismissed. The trial court determined that Roach's motion was a subsequent filing and that it should be dismissed as frivolous. Roach now appeals pro se, asserting the following issues, which we have reworded for clarity as follows: (1) his trial counsel was ineffective; (2) the sentence imposed upon him was unconstitutionally severe; (3) the trial court failed to advise him of his right to an appeal; (4) the trial court erred in failing to appoint counsel for his appeal; and (5) the indictment was faulty.

*642 STANDARD OF REVIEW
¶ 3. A trial court's dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

DISCUSSION
¶ 4. According to Mississippi Code Annotated section 99-39-23(6) (Rev.2007), "any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." As Roach failed to file an appeal from the dismissal of his first motion for post-conviction relief, the trial court's order became final and beyond review. See Kemp v. State, 904 So.2d 1162, 1163(¶ 6) (Miss.Ct.App.2004); Lewis v. State, 797 So.2d 248, 249(¶ 2) (Miss.Ct.App.2001).
¶ 5. Section 99-39-23(6) lists various exceptions to the procedural bar; however, Roach does not assert any applicable exception. This issue is without merit.
¶ 6. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.