# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01185-COA

**JAMES CHRISTOPHER SKINNER A/K/A**                 **APPELLANT**
**CHRISTOPHER SKINNER A/K/A JAMES**
**SKINNER A/K/A JAMES C. SKINNER A/K/A**
**CHRIS SKINNER**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/02/2017 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JACOB WAYNE HOWARD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KATY TAYLOR GERBER |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 10/02/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     On March 25, 2011, a Rankin County jury convicted Chris Skinner of one count of disorderly conduct and one count of felony evasion. The circuit court sentenced Skinner as a habitual offender to serve six months in the county jail for his disorderly conduct conviction and life in prison without eligibility for parole for his felony evasion conviction. On appeal to this Court, we affirmed Skinner's conviction and sentence. *Skinner v. State*, 120 So. 3d 419 (Miss. Ct. App. 2013).

¶2.     After obtaining leave from the Mississippi Supreme Court, Skinner filed a motion for

postconviction relief (PCR), which the circuit court summarily dismissed. Skinner now appeals the circuit court's dismissal of his PCR motion, arguing that the circuit court erred by: (1) dismissing his PCR motion after the supreme court granted him leave to proceed in the circuit court; (2) concluding that Skinner's PCR claim is barred by res judicata; and (3) refusing to consider the mitigating circumstances of Skinner's prior childhood convictions when enhancing his sentence to life in prison without eligibility for parole.

¶3.     After our review, we find error in the circuit court's dismissal of Skinner's PCR motion. We therefore reverse and remand this case to the circuit court for further proceedings consistent with this opinion.

**FACTS**

¶4.     After a jury trial in Rankin County Circuit Court, Skinner was convicted of one count of disorderly conduct, in violation of Mississippi Code Annotated section 97-35-7 (Rev. 2014), and one count of felony evasion of police, in violation of Mississippi Code Annotated section 97-9-72(2) (Rev. 2014). Pursuant to statute, the maximum jail sentence for a disorderly conduct conviction is "imprisonment in the county jail for not more than six (6) months"[1] and the maximum sentence for a felony evasion conviction is "commitment to the custody of the Mississippi Department of Corrections for not more than five (5) years."[2]

¶5.     Prior to Skinner's trial, the State amended Skinner's indictment to charge him as a

---

[1] Miss. Code Ann. § 97-35-7(1)(i).

[2] Miss. Code Ann. § 97-9-72(2).

habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2015).[3]

The circuit court granted the State's motion. The record shows that the State's motion to

amend the indictment set forth Skinner's underlying convictions and sentences:

> (1) Rankin County, Mississippi cause number 18714—conviction of possession of a controlled substance and sentence of eight years in the custody of the MDOC, with four years suspended and four years to serve, followed by four years' post-release supervision; (2) Escambia County, Florida case number 94–5154CFA4M–01—conviction of Count I, attempted carjacking with a firearm, and sentence of four years in the custody of the FDOC, followed by two years of supervised probation; and (3) Escambia County, Florida case number 94–5154CFA4M–01—conviction of Count II, aggravated assault with a firearm, and sentence of four years in the custody of the FDOC, to run concurrently with the sentence in Count I, followed by one year of supervised probation.

*Skinner*, 120 So. 3d at 424 (¶19).

¶6. The State also provided evidence showing that Skinner served at least a year or more

in a penal institution for each underlying conviction. The record reflects that in March 2011

(the time of his trial and sentencing hearing), Skinner was 32 years old.[4]

---

[3] Mississippi Code Annotated section 99-19-83 provides as follows:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by [s]ection 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

[4] Skinner was born in 1979.

¶7.    At a sentencing hearing held on March 29, 2011, the State introduced documents establishing Skinner's status as a habitual offender. The State further showed that Skinner's 1994 Florida case involved additional convictions for four nonviolent crimes: carrying a concealed firearm, burglary of a conveyance, grand theft auto, and grand theft. The State emphasized that Skinner's conviction for felony evasion "would be his ninth felony conviction."[5]

¶8.    At the sentencing hearing, the defense argued that "[a]t the time of those Florida convictions which the State is using . . . to make [Skinner] a habitual offender with life without the possibility of parole, he was 15 years old[.]"  The defense also argued that the circuit court should consider several mitigating circumstances in Skinner's case, including the fact that Skinner suffered with bipolar disorder and ADHD from a young age, and at the time of his disorderly conduct and felony evasion charges, he was not taking his medication, which caused Skinner to suffer confusion and disorientation. The defense counsel explained that this "[was] not an excuse, . . . but . . . it tends to soften the impact of why [Skinner] did what he did."  The record reflects that prior to Skinner's trial, the circuit court heard testimony from Dr. William Criss Lott, a clinical psychologist who evaluated Skinner's competency to stand trial. Dr. Lott concluded that Skinner was competent, but he diagnosed Skinner with bipolar disorder and attention-deficit disorder and explained that those disorders "would have certainly impaired [Skinner's] judgment" at the time of the crime. Dr. Lott also explained that "people who have bipolar disorder . . . have a difficult time conforming their

_____

[5] The State also referenced an "additional [2001] conviction out of the State of Alabama" for felony theft.

4

conduct to the requirements of the law as a result of their mental illness." Skinner's mother, Frances Skinner, also testified (outside of the jury's presence) that Skinner was not taking his medications at the time of the crime.

¶9. After the hearing, the circuit court determined "that the State ha[d] met its burden of proof to show that [Skinner] [was] entitled to be sentenced under [s]ection 99-19-83 as a violent habitual offender." The circuit court accordingly sentenced Skinner to serve six months in the county jail for his disorderly conduct conviction and to life in prison, without eligibility for parole or other form of early release, for his felony evasion conviction, with the sentences to run concurrently with each other. As stated, Skinner was 32 years old at the time of sentencing.

¶10. Skinner filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, in which he incorporated a request for the circuit court to reconsider his sentence. In his posttrial motion, Skinner claimed that "[t]he [circuit c]ourt erred in using [his] prior convictions from 199[5] . . . when [he] was only 15 years old, so as to charge him as an [h]abitual [o]ffender under [section] 99-19-83." After a hearing on the matter, the circuit court ultimately denied Skinner's posttrial motion.

¶11. Skinner then appealed. On appeal, this Court affirmed his conviction and sentence. Regarding Skinner's argument on direct appeal that his sentence of life without eligibility for parole constitutes cruel and unusual punishment, this Court held as follows:

> Skinner's sentence of life imprisonment complies with the applicable habitual-offender statute, section 99-19-83. "Our supreme court has consistently held that sentences under the habitual-offender statute do not constitute cruel and unusual punishment." *Cummings* [*v. State*], 29 So. 3d

5

[859,] 861 (¶5) [(Miss. Ct. App. 2010)]. The circuit court's order amending Skinner's indictment to charge him as a habitual offender under section 99-19-83 listed Skinner's prior convictions of possession of a controlled substance, attempted carjacking with a firearm, and aggravated assault with a firearm. In light of the gravity of Skinner's current offense and his prior offenses, the circuit court's imposition of a life sentence fails to give rise to an Eighth Amendment proportionality analysis. Therefore, this Court will not proceed with such an analysis. Since the record reflects no gross disproportionality in the sentence, and the sentence falls within the statutory-maximum period, we find no abuse of discretion in the sentence imposed by the circuit court. *See Cummings v. State*, 58 So. 3d 715, 719 (¶19) (Miss. Ct. App. 2011) ("This Court reviews the terms of a sentence under an abuse-of-discretion standard.").

*Skinner*, 120 So. 3d at 426 (¶25).

¶12. Skinner then obtained new counsel and sought leave from the supreme court for permission to file a PCR motion in the circuit court. The supreme court entered an order requiring the State to respond to Skinner's application for leave. The State filed its response,[6] and the supreme court granted Skinner's application for leave to file his PCR motion in the circuit court.

¶13. Skinner filed his PCR motion in the circuit court. In his PCR motion, Skinner argued that the circuit court should have considered the mitigating circumstances of what Skinner refers to as his "childhood convictions." Skinner also argued that the circuit court should have imposed a sentence less than life without parole because, even though he was convicted and sentenced as an adult for those prior felonies, he was only fifteen when they were

---

[6] The State's filed response does not appear in the record. However, the supreme court's docket reflects that the State did file its response on April 14, 2017. "[T]his Court certainly can take judicial notice of [s]upreme [c]ourt files." *Mitchell v. State*, 218 So. 3d 278, 283 (¶16) (Miss. Ct. App. 2017). Additionally, "[a] court may look to any source it deems helpful and appropriate, including official public documents, records[,] and publications." *Enroth v. Mem'l Hosp. at Gulfport*, 566 So. 2d 202, 205 (Miss. 1990).

committed. No response by the State to Skinner's PCR motion appears in the record.

¶14. On August 1, 2017, the circuit court entered an order denying and dismissing Skinner's PCR motion. In its order, the circuit court held:

> *Miller v. Alabama*, 132 S. Ct. 2455 (2012) does not apply to the sentence imposed on the petitioner in this case. Skinner's date of birth was [in] 1979. The date of the felony evasion alleged in the indictment was August 28, 2009. The trial was in March of 2011. [Skinner] was over thirty years of age as of the date of this crime and the imposition of the sentence in this matter. *Miller* applies to mandatory life sentences for crimes committed prior to a defendant's eighteenth birthday. There is no authority for the position taken by [Skinner] that his Florida convictions, obtained before his eighteenth birthday, must be considered in light of the *Miller* factors before they can be used to enhance punishment pursuant to the habitual offender statutes.

¶15. Skinner now appeals.

## STANDARD OF REVIEW

¶16. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's factual findings if they are clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Alexander v. State*, 228 So. 3d 338, 340 (¶7) (Miss. Ct. App. 2017).

## DISCUSSION

¶17. Skinner first argues that the circuit court lacked authority to summarily deny and dismiss his motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2015).[7] Section 99-39-11(12) states that "[t]his section shall not be applicable where an

---

[7] "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." Miss. Code Ann. § 99-39-11(2).

application for leave to proceed is granted by the [s]upreme [c]ourt under [s]ection 99-39-27." In addition, section 99-39-27(7)(b) provides that when the supreme court grants the movant's application for leave, "the court, in its discretion, may . . . [a]llow the filing of the motion in the circuit court for further proceedings under [s]ections 99-39-13 through 99-39-23." Skinner maintains that since the supreme court granted his application for leave to file his PCR motion in the circuit court, the circuit court thus erred by failing to conduct further proceedings and in dismissing his motion.

¶18. The State asserts that Skinner's argument is flawed because the circuit court did in fact conduct further proceedings. In *Mitchell v. State*, 809 So. 2d 672 (Miss. 2002), our supreme court reiterated that "under the express terms of [section] 99-39-27, once this Court allows an applicant to proceed with a motion in the circuit court, subsequent actions taken by the circuit court must be pursuant to one of the enumerated sections (99-39-13 through 99-39-23)." *Mitchell*, 809 So. 2d at 674 (¶6) (quoting *Hymes v. State*, 703 So. 2d 258, 260 (¶8) (Miss. 1997)). In the present case, the circuit court found that under section 99-39-21, Skinner's claim was barred by res judicata. The State maintains that section 99-39-21 indeed falls within the sections identified in both *Mitchell* and section 99-39-27 as constituting further proceedings. In resolving this issue, we turn to precedent and statutory law.

¶19. In *Porter v. State*, 963 So. 2d 1225, 1228-29 (¶10) (Miss. Ct. App. 2007), the circuit court summarily denied Porter's PCR motion under section 99-39-11. On appeal, this Court addressed Porter's claim that because "the supreme court granted his request for leave to proceed in the [circuit] court . . . , he was automatically entitled to an evidentiary hearing on

the merits[.]" *Porter*, 963 So. 2d at 1228 (¶7). This Court clarified that "there is no automatic right to an evidentiary hearing under the Mississippi Uniform Post[]Conviction Collateral Relief Act" and explained that "[o]nce a prima facie case is established, the [circuit] court may still proceed under [s]ection 99-39-19 . . . and summarily deny a petitioner's motion if, after the answer has been filed and discovery completed, it appears that no evidentiary hearing is warranted." *Porter*, 963 So. 2d at 1228 (¶9). This Court found that the supreme court's grant of Porter's request for leave to proceed in the circuit court constituted "a finding of a prima facie case," and therefore the circuit court should have "examined the motion under [s]ection 99-39-19, along with the filed answer and any completed discovery, to determine if an evidentiary hearing should be required." *Porter*, 963 So. 2d at 1228-29 (¶10). This Court accordingly held that the circuit court committed error in dismissing Porter's PCR motion under section 99-39-11: "A court may not use [s]ection 99-39-11 to summarily deny a motion if the supreme court has granted permission to file the motion in the [circuit] courts, pursuant to Section 99-39-27." *Porter*, 963 So. 2d at 1229 (¶12).

¶20. In the present case, we find that the circuit court did not follow the procedure set forth in *Porter* or in section 99-39-19:

> The supreme court's order granting [the petitioner] permission to proceed [is] a finding of a prima facie case. The [circuit] court should request that the State respond to the motion. Then, pursuant to Mississippi Code Annotated section 99-39-19 . . . , the [circuit] court must examine the record and determine whether an evidentiary hearing is required.

*Pittman v. State*, 20 So. 3d 51, 54 (¶12) (Miss. Ct. App. 2009). The supreme court's grant

9

of Skinner's request for leave to proceed in the circuit court constitutes a finding of a prima facie case. *Porter*, 963 So. 2d at 1228 (¶10). However, the circuit court dismissed Skinner's PCR motion before the State filed an answer and before discovery; therefore, the circuit court failed to follow the procedures of section 99-39-19 in determining whether an evidentiary hearing was required. As set forth in *Porter* and *Pittman*, the circuit court must request that the State respond to Skinner's PCR motion. Next, in determining whether an evidentiary hearing is required, the circuit court must examine the record, including Skinner's motion and the State's answer/response to Skinner's motion, and any completed discovery, in accordance with section 99-39-19. We therefore reverse the circuit court's order dismissing Skinner's PCR motion and remand this case for further proceedings consistent with this opinion. Based on the resolution of this issue, we decline to address Skinner's remaining issues on appeal.

¶21. **REVERSED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**

10