# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00770-COA

**THOMAS EARL ELLIS A/K/A THOMAS ELLIS**               **APPELLANT**
**A/K/A THOMAS E. ELLIS A/K/A THOMAS**
**ELLIS McCOY**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/04/2020 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | THOMAS EARL ELLIS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: META S. COPELAND ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/07/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.  Thomas Earl Ellis appeals from the Hinds County Circuit Court's order denying his motion for post-conviction relief (PCR). Finding no error, we affirm the trial court's order.

## FACTS

¶2.  In 2009, Ellis was indicted for one count of sexual battery and one count of gratification of lust. Ellis was charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) based on two of his prior convictions from 1991 and 1993.

¶3.     In 2011, Ellis was tried and convicted of both sexual battery and gratification of lust. The trial court sentenced Ellis as a habitual offender to serve a total of forty-five years in the custody of the Mississippi Department of Corrections (MDOC)—thirty years for sexual battery and fifteen years for gratification of lust. Ellis appealed, and this Court affirmed his convictions and sentences. *Ellis v. State*, 141 So. 3d 415, 417 (¶1) (Miss. Ct. App. 2013).

¶4.     On August 26, 2014, Ellis filed an application in the Mississippi Supreme Court for leave to proceed and file a PCR motion in the trial court.[1] In his application, Ellis asserted that he was entitled to post-conviction relief based upon the following claims: Confrontation Clause violations, ineffective assistance of trial counsel, a spousal privilege violation, due process violations, comments on his post-*Miranda* silence at trial, publication of the victim's recorded out-of-court interview to the jury, the absence of DNA testing or a rape kit, an illegal sentence, and newly discovered evidence.

¶5.     On October 15, 2014, a three-justice panel entered an order denying Ellis's application for leave to proceed in the trial court. Order, *Ellis v. State*, No. 2014-M-1189 (Miss. Oct. 15, 2014). The supreme court panel found that Ellis's claims regarding due process violations, comments on his post-*Miranda* silence, and publication of the victim's recorded out-of-court interview to the jury "were raised and rejected at trial or on direct appeal, such that they are

---

[1] *See Jackson v. State*, 67 So. 3d 725, 730 (¶17) (Miss. 2011) ("[I]f the prisoner's conviction and sentence were directly appealed, and either the conviction was affirmed or the appeal dismissed by this Court, then he must file an application in this Court for leave to proceed in the trial court and include the proposed PCR motion with his application." (emphasis omitted)).

barred by res judicata." As to Ellis's claims of Confrontation Clause violations, violation of spousal privilege, and the absence of DNA testing or a rape kit, the supreme court panel found that "such matters are waived and further lack an arguable basis." Regarding Ellis's claim of ineffective assistance of counsel, the supreme court determined that Ellis "fail[ed] to meet the requisite prongs of deficient performance and prejudice provided in *Strickland v. Washington*, 466 U.S. 668 . . . (1984)." The supreme court panel also held that Ellis lacked an arguable basis for his claims of an illegal sentence and newly discovered evidence. Finally, the supreme court panel found that Ellis "failed to present a substantial showing of the denial of a state or federal right."

¶6.     On April 8, 2019, Ellis filed a PCR motion in the supreme court specifically asking for permission to seek relief on three claims: (1) an illegal sentence based on the use of his 1991 conviction for habitual-offender-enhancement purposes, which allegedly was itself "illegal"; (2) general errors before and during trial and sentencing; and (3) ineffective assistance of trial counsel, appellate counsel, or both. Ellis also asked the supreme court to compel the State to file an answer regarding Ellis's PCR motion or in the alternative to direct the trial court to hold an evidentiary hearing.

¶7.     Treating Ellis's PCR motion as an application for leave to proceed in the trial court, a three-justice panel entered an order dismissing Ellis's claims of an illegal sentence without prejudice so that Ellis could present that claim in the trial court. Order, *Ellis v. State*, No. 2014-M-1189 (Miss. April 17, 2019). The panel found that Ellis's illegal sentence claims

3

"substantively implicate" the validity of his 1991 guilty plea to a charge of sexual battery. The panel explained that because Ellis had entered a guilty plea, the trial court had exclusive, original jurisdiction to hear and determine that PCR claim.

¶8. The panel denied Ellis's remaining claims. The panel explained that Ellis's claims regarding general errors before and during trial and sentencing "are time-barred and/or waived, and no exceptions to those bars apply." The panel also held that Ellis's claim of ineffective assistance of counsel "is time-barred and, alternatively, fails to satisfy the requisite prongs of deficient performance and prejudice outlined in *Strickland v. Washington*, 466 U.S. 668 . . . (1984)."

¶9. On October 16, 2019, Ellis filed a PCR motion in the trial court, which he titled "Motion to Vacate Sentence or Convictions or Indictments and Judgment." In his PCR motion, Ellis again raised the following claims of error: an illegal sentence based on his 1991 conviction used for habitual-offender-enhancement purposes, a defective indictment, Confrontation Clause violations, ineffective assistance of counsel, various due process violations, and improper publication of the victim's out-of-court interview to the jury.[2]

---

[2] The supreme court's docket shows that on May 13, 2019, Ellis filed another application for leave to proceed in the trial court. Ellis attached a PCR motion dated May 9, 2019, to his application. On June 12, 2019, the supreme court entered an order denying Ellis's application, explaining that it was actually a motion to reconsider the prior order dismissing Ellis's claim of an illegal sentence without prejudice and denying Ellis's remaining claims. On May 12, 2020, Ellis filed another motion in the supreme court seeking a ruling on his PCR motion that he claims to have filed on May 9, 2019. The supreme court entered an order directing the trial court to respond to Ellis's May 12, 2020 motion. The trial court subsequently entered the June 4, 2020 order that Ellis now appeals from.

¶10. On June 4, 2020, the trial court entered an order denying Ellis's PCR motion. The trial court found that Ellis's PCR motion was time-barred, as well as procedurally barred pursuant to Mississippi Code Annotated section 99-39-21(1) (Rev. 2015) because Ellis improperly raised issues that could have been presented at trial or on direct appeal. The trial court acknowledged that the supreme court had previously ruled on Ellis's claims, and therefore these claims were barred by res judicata.

¶11. Ellis now appeals the trial court's denial of his PCR motion.

## STANDARD OF REVIEW

¶12. "When reviewing a trial court's denial or dismissal of a [PCR motion], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015).

## DISCUSSION

### I. Jurisdiction

¶13. The record reflects that Ellis filed his notice of appeal outside of the thirty-day time limit set forth in Mississippi Rule of Appellate Procedure 4(a). "An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." M.R.A.P. 2(a)(1). "While the State has not challenged appellate jurisdiction, it is incumbent upon us to assure ourselves such jurisdiction does exist." *Vance v. State*, 941 So. 2d 225, 227 (¶5) (Miss. Ct. App. 2006). We recognize that "an appeal of post-conviction relief petitions are

5

governed by Mississippi Rule of Appellate Procedure 2(c), which allows this Court to suspend the requirements of the appellate rules in the interest of justice." *Elliott v. State*, 41 So. 3d 701, 704 (¶9) (Miss. Ct. App. 2009). "Accordingly, this Court may suspend Rule 4(a) to allow an out-of-time appeal in criminal cases and 'civil' actions for post-conviction relief." *Id*.

¶14. The record reflects that in his notice of appeal (titled "Motion to Object to the Order"), Ellis claims that he did not receive the trial court's order denying his PCR motion until July 6, 2020—more than thirty days after the trial court entered the June 4, 2020 order. Ellis's notice of appeal was filed July 21, 2020. Other than Ellis's assertion, the record contains no evidence to show when Ellis received notice of the trial court's order denying his PCR motion. Nevertheless, "[b]ecause of the unique circumstances presented in this case, we opt to exercise our discretion under Rule 2(c) of the Mississippi Rules of Appellate Procedure to suspend the thirty-day filing requirement to the extent [Ellis's] filing may have been untimely under the prison mailbox rule." *Vance*, 941 So. 2d at 227 (¶6). We therefore find that jurisdiction is proper.

## II. Supplemental Briefing

¶15. In its appellate brief, the State asserted the following claim:

> The trial court summarily dismissed Ellis's PCR Petition without requiring a response from the State. The trial court should have ordered such a response. *See Skinner v. State*, 270 So. 3d 1046, 1052 (Miss. Ct. App. 2018) (recognizing that after the [s]upreme [c]ourt grants leave to proceed with a PCR petition, the trial court should request a response from the State and examine the record before denying the PCR petition).

6

(Internal record citations omitted). This Court then ordered supplemental briefing and requested that the parties discuss whether the procedural history of this case is similar to the circumstances in *Skinner v. State*, 270 So. 3d 1046 (Miss. Ct. App. 2018); *Pittman v. State* (*Pittman II*), 121 So. 3d 253 (Miss. Ct. App. 2013); and *Porter v. State*, 963 So. 2d 1225 (Miss. Ct. App. 2007). Upon our review of the supplemental briefs and relevant caselaw, we find that the procedural history of this case is not similar to the circumstances in the above cases.

¶16. In *Skinner*, *Pittman*, and *Porter*, the supreme court expressly granted the petitioners' applications for leave to proceed with their PCR claims in the trial court. This Court stated that "[t]he supreme court's order granting [the petitioner] permission to proceed was a finding of a prima facie case." *Pittman v. State* (*Pittman I*), 20 So. 3d 51, 54 (¶12) (Miss. Ct. App. 2009); *see also Porter*, 963 So. 2d at 1228-29 (¶10); *Skinner*, 270 So. 3d at 1051-52 (¶20). In such circumstances, "[t]he [trial] court should request that the State respond to the motion. Then, pursuant to Mississippi Code Annotated section 99-39-19, the [trial] court must examine the record and determine whether an evidentiary hearing is required." *Skinner*, 270 So. 3d at 1051 (¶20) (quoting *Pittman I*, 20 So. 3d at 54 (¶12)).

¶17. In the case before us, the supreme court did not actually grant Ellis leave to proceed in the trial court on his illegal sentence claim. Rather, upon reviewing Ellis's application, a panel of supreme court justices determined that Ellis's illegal sentence claim included an attack on the validity of his 1991 guilty plea to a charge of sexual battery. Order, *Ellis v.*

7

*State*, No. 2014-M-1189 (Miss. April 17, 2019). The panel explained that "[i]n cases where the prisoner has entered a plea of guilty, the trial court has exclusive, original jurisdiction to hear and determine a petition for post-conviction relief." *Id*. (citing *Graham v. State*, 85 So. 3d 847, 850 (¶4) (Miss. 2012)). The panel further acknowledged that "[t]he only authority [the supreme court has] in these situations is to act in an appellate capacity if either the prisoner or the State causes the trial court's ruling to be appealed under [Mississippi Code Annotated section] 99-39-25 [(Rev. 2015)]." *Id*. When PCR actions are filed in the wrong court, the supreme court should dismiss the application without prejudice and direct the petitioner to file the PCR motion in the trial court. *Jackson v. State*, 67 So. 3d 725, 731 (¶21) (Miss. 2011). Here, the supreme court determined that it did not have jurisdiction over Ellis's illegal-sentence claim, and the supreme court accordingly dismissed the claim without prejudice to Ellis's right to file in the trial court. *See id.* at 731 n.9 ("If a prisoner's conviction and sentence were never directly appealed, then, pursuant to [s]ections 99-39-7 and 99-39-27, [the supreme court] is not permitted to entertain the prisoner's PCR motion until it has been ruled upon by the [trial] court and appealed to this Court under [s]ection 99-39-25.").

### III. Ellis's PCR Motion

¶18. We find that Ellis's PCR motion is time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Section 99-39-5(2) states:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme

Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Ellis's present PCR motion was filed more than eight years after his 2011 conviction, and nearly three decades after his 1991 conviction.[3]  Therefore, Ellis's PCR motion is time-barred.

¶19.    However, we recognize that certain "fundamental-rights exceptions have been expressly found to survive procedural bars . . . ." *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018).  "The right to be free from an illegal sentence has specifically been held as one of the fundamental-rights exceptions to the procedural bars." *Duncan v. State*, 226 So. 3d 127, 129 (¶10) (Miss. Ct. App. 2017).  "However, 'merely asserting a constitutional-right violation is insufficient to overcome the procedural bars.'" *Id*. (quoting *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015)).  "Rather, 'there must at least appear to be some basis for the truth of the claim before the procedural bar will be waived.'" *Id*.

¶20.    In his PCR motion, Ellis argued that he received an illegal enhanced sentence as a habitual offender in 2011 based on the use of his prior 1991 sexual battery conviction.  Ellis

---

[3] The State asserts that Ellis's current PCR motion asks this Court to invalidate Ellis's 2011 sentence, and as a result, the validity of Ellis's 1991 guilty plea is not properly before the Court as part of the current PCR proceeding.  (Citing *Williams v. State*, 65 So. 3d 319, 322 (¶12) (Miss. Ct. App. 2011)).  However, the supreme court has held that the restriction imposed by Mississippi Code Annotated section 99-39-9(2) (Rev. 2015), which limits a PCR motion "to the assertion of a claim for relief against one (1) judgment only," is unconstitutional.  *Ashwell v. State*, 226 So. 3d 69, 72 (¶9) (Miss. 2017).  A petitioner may now bring challenges to multiple judgments in a single PCR motion.

raised numerous issues with his 1991 conviction in his PCR motion, including that there was no evidence that he was legally convicted of sexual battery; that he did not actually appear in court to enter his guilty plea; that insufficient facts existed to support his guilty plea; and that his guilty plea was involuntary. Ellis argues that because his 1991 conviction was "illegal," it therefore could not be used as a prior conviction for habitual-offender-enhancement purposes.

¶21. As to Ellis's 2011 conviction, we find that his status as a habitual offender was "capable of determination" at his 2011 sentencing hearing and on direct appeal of his 2011 conviction. Miss. Code Ann. § 99-39-21(1).[4] Because Ellis did not raise any challenges to his sentence as a habitual offender during the sentencing hearing or on direct appeal of his conviction, he is procedurally barred from doing so now. *Id.*; *see also Wilcher v. State*, 863 So. 2d 776, 792 (¶12) (Miss. 2003).

¶22. Regardless, we find no error by the trial court in sentencing Ellis as a habitual offender. "To sentence a defendant as a habitual offender, all that is required is that the accused be properly indicted as [a] habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecutor's proof." *Grayer v. State*, 120 So. 3d 964, 969 (¶18) (Miss. 2013)

---

[4] Section 99-39-21(1) provides that the "[f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal . . . shall constitute a waiver thereof and shall be procedurally barred."

(internal quotation marks omitted). "[T]he trial court is not required to go beyond the face of the prior convictions sought to be used in establishing the defendant's status as an habitual offender." *Phillips v. State*, 421 So. 2d 476, 481 (Miss. 1982). "If, on its face, the conviction makes a proper showing that a defendant's prior plea of guilty was both knowing and voluntary, that conviction may be used for the enhancement of the defendant's punishment under the Mississippi habitual offender act." *Id*. In *Phillips*, "the defendant argued at sentencing that his prior convictions were constitutionally invalid and voidable because his guilty pleas were involuntary." *Pulliam v. State*, 328 So. 3d 93, 99 (¶22) (Miss. 2021) (citing *Phillips*, 421 So. 2d at 481-82). The supreme court held that "until those convictions were voided in a separate proceeding directly challenging the voluntariness of his guilty plea, they could support a habitual offender sentence." *Id*.

¶23.    In the case before us, the transcript from Ellis's 2011 sentencing hearing reflects that in support of the habitual-offender portion of Ellis's indictment, the State offered proof of three prior convictions that qualified Ellis for the habitual-offender enhancement under section 99-19-81: aggravated assault, gratification of lust, and the 1991 sexual battery conviction. All three convictions were for violent offenses with a sentence of more than one year of incarceration in the custody of the MDOC. The State submitted certified records of Ellis's prior convictions as proof, and the trial court admitted these records into evidence. The trial court reviewed the certified records before sentencing Ellis as a habitual offender. As stated, the transcript reflects no objection by Ellis to these prior convictions during the

sentencing hearing.

¶24. As to Ellis's claim that his 1991 guilty plea to the charge of sexual battery was involuntary, we recognize that "the [procedural] time-bar includes a movant's PCR claim based on the involuntariness of a guilty plea." *Green v. State*, 242 So. 3d 176, 179 (¶11) (Miss. Ct. App. 2017). Therefore, the trial court properly found that Ellis's motion was time-barred. *See Crockett v. State*, 334 So. 3d 1232, 1238 (¶18) (Miss. Ct. App. 2022).

¶25. Procedural bar notwithstanding, we find that Ellis's claim lacks merit. Ellis, as the PCR movant, "has the burden of establishing his involuntary-guilty-plea claim." *Gaulden v. State*, 240 So. 3d 503, 507-08 (¶13) (Miss. Ct. App. 2018). "In order to be valid, a guilty plea must be entered voluntarily and intelligently, meaning that the defendant is 'advised concerning the nature of the charge against him and the consequences of the plea.'" *Id*. at 508 (¶13) (quoting *Holland v. State*, 956 So. 2d 322, 327 (¶11) (Miss. Ct. App. 2007)).

¶26. Although the record does not contain the guilty plea petition or the plea colloquy from Ellis's 1991 sexual battery conviction, this Court has held "that fact alone is not enough to establish reversible error." *Parish v. State*, 203 So. 3d 718, 722 (¶14) (Miss. Ct. App. 2016).[5]

---

[5] The supreme court's docket reflects Ellis has filed several motions in the trial court requesting the records and the transcript from his 1991 plea hearing. Post-Conviction Memorandum Brief, *Ellis v. State*, No. 2014-M-1189 (Miss. April 8, 2019); Application for Leave to File, *Ellis v. State*, No. 2014-M-1189 (Miss. August 26, 2014). The trial court entered an order denying Ellis's requests after finding that Ellis "has shown no good cause for his request for records" from his plea hearing. This Court has held:

> If a prisoner files a proper motion pursuant to the Mississippi [UPCCRA], and his motion withstands summary dismissal under section 99-39-11(2) . . . , then

The record contains the September 9, 1991 sentencing order from Ellis's guilty plea hearing. The sentencing order reflects that Ellis pleaded guilty to sexual battery and that the trial court sentenced him to serve one year, four months, and twenty-seven days in the custody of the MDOC. The order also reflects that before accepting Ellis's guilty plea, the trial court "advised [Ellis] of all of [his] legal and constitutional rights on the premises" and that Ellis "freely, voluntarily[,] and intelligently waived said rights." The order further states that the trial court advised Ellis of the consequences of pleading guilty and that Ellis "admitted that he is guilty of the crime to which he has pleaded guilty." After our review, we find that Ellis has failed to prove that his guilty plea was involuntary. As to Ellis's claim that there was no evidence to support the trial court's acceptance of his guilty plea, this Court has held that "[b]y pleading guilty, an offender waives a claim that there was insufficient evidence to find him guilty." *Putnam v. State*, 212 So. 3d 86, 93 (¶21) (Miss. Ct. App. 2016).

¶27. Because the supreme court only granted Ellis leave to proceed in the trial court on the sole issue of whether Ellis was subject to an illegal sentence, we find that the trial court properly denied Ellis's remaining claims. *See Rice v. State*, 189 So. 3d 722, 726 (¶14) (Miss. Ct. App. 2016) ("Because the supreme court failed to grant [the petitioner] leave to proceed on these additional issues, we find these issues were not properly before the [trial] court.");

---

he:  may be entitled to trial transcripts or other relevant documents under the discovery provisions of [section] 99-39-15, upon good cause shown and in the discretion of the trial judge.

*Bullock v. State*, 1 So. 3d 941, 943 (¶6) (Miss. Ct. App. 2009).

Miss. Code Ann. § 99-39-27(9) (Rev. 2015) ("The dismissal or denial of an application [for leave to proceed in the trial court] . . . is a final judgment and shall be a bar to a second or successive application under this article.").

## CONCLUSION

¶28.    We find that Ellis's PCR motion is time-barred.  Further, he failed to raise any claims resulting in the deprivation of his fundamental constitutional rights that would defeat the time-bar.  We accordingly affirm the trial court's order.

¶29.    **AFFIRMED.**

**BARNES, C.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.  WILSON, P.J., AND EMFINGER, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**